UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Cesar De La Garza,<br>    *Plaintiff*,<br><br>    v.<br><br>Theresa Lantz, Joel Ide, Wayne Choinski, Jeffrey McGill, and Fred Levesque,<br>    *Defendants*. | Civil No. 3:08cv15 (JBA)<br><br><br><br><br>July 15, 2010 |

NOTICE TO PLAINTIFF CESAR DE LA GARZA

From your [Doc. # 112] Motion to Discharge Appointed Attorney, it is evident that you are insistent on asserting a § 1983 claim that you have been injured by Defendants' actions, which violate the United States Constitution's separation of powers principles, and which Attorney Rimmer has declined to assert, thus you seek to discharge him. As your attorney, Attorney Robert Rimmer has authority, to be exercised after consultation with you, to determine, by reference to applicable law, the legal strategy in pursuing the claims raised; Mr. Rimmer is correct in declining to assert a separation–of–powers claim in the Joint Trial Memorandum ("JTM") because such claim would be legally meritless. You are further advised that unless you withdraw, in writing, your pending Supplemental Motion to Discharge Mr. Rimmer and for the Appointment of Another Attorney [Doc. # 112] by July 30, 2010, the Court will grant your motion to discharge Mr. Rimmer but will deny your request for appointment of new counsel. No new counsel will be appointed for you, and consequently if Mr. Rimmer is discharged you will be required to represent yourself at trial.

A form for you to advise the Court of your decision is provided on page 6 of this Notice, which you should fill out, sign, and return to the Court. A stamped reply envelope is also provided.

If the Court does not hear from you by July 30, 2010, it will discharge Mr. Rimmer and will deny your request to appoint new counsel.

I.      Procedural History

Proceeding *pro se* and in state custody at Northern Correctional Institution, you filed this action on January 4, 2008 against several personnel at the Connecticut Department of Correction, alleging, among other things, that the named defendants unconstitutionally failed to provide you access to the courts—specifically, the federal courts in the Districts of Minnesota and Connecticut, and the Minnesota state appellate courts—in violation of the constitutional separation–of–powers doctrine. After some pretrial proceedings, your renewed motion to appoint counsel was granted and Mr. Rimmer was appointed [Doc. # 78]. A jury trial in this matter is set to begin on September 27, 2010. (*See* Sched. Order [Doc. # 110] at ¶ 7.)

On July 6, 2010 the Court held the first of two pre–trial conferences and considered contentions raised in the first of two planned Joint Trial Memorandums ("JTM"). (The second JTM is due on August 27, 2010, and the second pre–trial conference is set for September 7, 2010.) At that conference the Court ordered completion of discovery on an expedited basis. Following that conference, at which Mr. Rimmer ably represented you, you moved, for the second time, for the discharge of Attorney Rimmer and appointment of new counsel. (Pl.'s Suppl. Mot. Discharge & App't of Counsel [Doc. # 112].) You complain that Mr. Rimmer "intentionally" refused your instruction "to add the separation of powers claim [to] the [JTM]." It is unknown to the Court

whether discovery, which was to be completed in an expedited fashion in light of the trial schedule, is ongoing while your motion has been under advisement.

II.   Discussion

    A.   Separation of Powers

You are advised that any claim that your constitutional separation–of–powers rights were violated by the defendants in this action would be frivolous.  "An action is 'frivolous' when . . . the claim is based on an indisputably meritless legal theory.  A claim is based on an indisputably meritless legal theory when . . . the claim lacks an arguable basis in law."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotations omitted).

You complain that the defendants—all of them state officials who are Connecticut Department of Correction employees—have interfered with your ability to access the federal courts in Connecticut and the state and federal courts in Minnesota.  Even if there existed in law an individual right to be free from a separation–of–powers violation, which there is not, the facts of this case simply cannot show any violation of the separation of powers.  Because, as the Supreme Court has explained, "the separation–of–powers principles that the Constitution imposes upon the Federal Government do not apply against the States," *Stop the Beach Renourishment, Inc. v. Fla. Dept. of Envtl. Prot.*, No. 08–1151, --- S. Ct. ----, 2010 WL 2400086, *10 (June 17, 2010) (citing *Dreyer v. Illinois*, 187 U.S. 71, 83–84 (1902)), state actors such as the defendants in this case simply cannot, as a matter of law, violate the federal constitutional separation–of–powers doctrine.  The separation–of–constitution doctrine embedded in the federal Constitution applies only to the three

3

branches *within the federal government*, which are the legislative, governed by Article I; the executive, governed by Article II, and the judicial, governed by Article III. *See, e.g.*, *Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, No. 08–861, --- S. Ct. ----, 2010 WL 2555191, *6 (June 28, 2010) (quoting *INS v. Chadha*, 462 U.S. 919, 951 (1983)) ("Our Constitution divided the 'powers of the . . . Federal Government into three defined categories, Legislative, Executive, and Judicial.'"); *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004) (doctrine reflects "'the central judgment of the Framers of the Constitution that, within our political scheme, the separation of governmental powers into three coordinate Branches is essential to the preservation of liberty'" (quoting, in parenthetical, *Mistretta v. United States*, 488 U.S. 361, 380 (1989))); *see also Clinton v. City of New York*, 524 U.S. 417, 482 (1998) (Breyer, J., dissenting) ("the principal function of the separation–of–powers . . . is to maintain the tripartite structure of the Federal Government—and thereby protect individual liberty—by providing a safeguard against the encroachment or aggrandizement of one branch at the expense of the other" (internal quotation omitted).

Any separation–of–powers claim you bring in this action against state officials on this legal theory will be dismissed by the Court as based on an indisputably meritless legal theory. Because there is no basis on which Mr. Rimmer could have included your requested separation–of–powers claim in good faith and in compliance with his obligation as an officer of the Court, *see, e.g.*, Fed. R. Civ. P. 11, and because Mr. Rimmer has properly asserted the First Amendment as the appropriate constitutional grounds for your access–to–the–courts claim, Mr. Rimmer, in declining to assert any separation–of–powers claim, acted properly and appropriately and "freely exercise[d]

4

his . . . professional judgment," as required by this District's Local Rules. *See* D. Conn. L. Civ. R. 83.10(c)5.

      B.      Appointment of Additional Counsel

"A party in a civil case has no constitutionally guaranteed right to the assistance of counsel." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). You have no right to counsel; the Court is also under no obligation to appoint counsel. In its discretion, however, the Court "*may* request an attorney to represent" you. 28 U.S.C. § 1915(e)(1) (emphasis added). If Mr. Rimmer is discharged, the Court *will not* appoint another attorney. You will be required to represent yourself at jury selection, the pre–trial conference, and trial.

III.    Conclusion

For the reasons stated above, you are advised that unless you inform the Court, in writing, no later than July 30, 2010, that you will withdraw your pending Supplemental Motion to Discharge Mr. Rimmer and Appoint Another Attorney [Doc. # 112], the Court will discharge Mr. Rimmer but will deny your request to appoint new counsel. You may inform the Court in writing by completing and returning the form below.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of July, 2010.

---

Please check only one box and return to the Court. If you check both boxes or neither box, or if you answer "No," or if you do not respond to the Court in writing by July 30, 2010, the Court will discharge Mr. Rimmer but will deny your request to appoint new counsel.

☐    Yes, I hereby withdraw my pending Supplemental Motion to Discharge the Appointed Attorney and for the Appointment of Another Attorney [Doc. # 112].

☐    No, I do not withdraw my pending Supplemental Motion to Discharge the Appointed Attorney and for the Appointment of Another Attorney [Doc. # 112].

_____     _____

Cesar De La Garza                                    Date